UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:09-cv-00882 ) ) ) |
| Plaintiff, | ) Judge Nixon ) Magistrate Judge Knowles ) |
| vs. | ) <u>CLASS ACTION</u> ) |
| PSYCHIATRIC SOLUTIONS, INC., JOEY A. JACOBS, BRENT TURNER and JACK E. POLSON, | ) <u>DEMAND FOR JURY TRIAL</u> ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOE MIDDENDORF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Joe Middendorf ("Movant") respectfully submits this memorandum of law in support of his motion for an order: (1) appointing him as lead plaintiff; and (2) approving his selection of Dyer & Berens LLP as lead counsel and Davies, Humphreys, Horton & Reese, PLC as liaison counsel for the putative class. This Motion is brought pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act") on the grounds that Movant is the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4(a)(3)(B)(iii).

## I. PRELIMINARY STATEMENT

On September 21, 2009, an investor filed the above-captioned putative securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Psychiatric Solutions, Inc. ("Psychiatric Solutions" or the "Company") between February 21, 2008 and February 25, 2009, inclusive (the "Class Period"). The action alleges violations of §§10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

This Motion is made on the grounds that, to his knowledge, Movant is the "most adequate plaintiff" as defined by the PSLRA. Movant has suffered realized losses of $60,128 from his Class Period purchases of Psychiatric Solutions common stock and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii). Further, he has selected counsel with the skill and experience necessary to vigorously and efficiently prosecute this litigation on behalf of the putative class. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF THE FACTS

According to the complaint, during the Class Period defendants issued materially false and misleading statements concerning the Company's safeguards and controls over its operations, including at its Riveredge Hospital ("Riveredge") facility. Defendants downplayed incidents at the Company's facilities, indicating that the deficiencies had all been resolved. Defendants further

assured investors that corrective actions had already been taken at the Company's facilities to improve the quality, safety and risk management.  Additionally, defendants issued materially false and misleading statements regarding the Company's financial results and compliance with Generally Accepted Accounting Principles. Specifically, the Company failed to properly account for its contingent liabilities related to the deficiencies surrounding its operations.  As a result of defendants' false and misleading statements, Psychiatric Solutions stock traded at artificially inflated prices during the Class Period, reaching a high of $39.71 per share on July 8, 2008.

On February 20, 2008, the beginning of the Class Period, Psychiatric Solutions issued its 2007 financial results, increasing earnings guidance for 2008.  Just over a week later, the Company filed its SEC Form 10-K for 2007, representing it had "higher quality care" than its competitors and assuring that Psychiatric Solutions was in compliance with applicable government regulations. On July 17, 2008, the Chicago Tribune ("Tribune") issued an investigative report which disclosed unreported violence among juvenile patients at the Company's Riveredge facility.  As a result of the Tribune's investigation, the Illinois Department of Children and Family Services ("DCFS") placed a hold on admitting youths in the custody of the state to Riveredge.  As a further result, the Department of Justice initiated an investigation into the facility and its operations.

Then, on February 25, 2009, Psychiatric Solutions announced disappointing fourth quarter and year-end financial results due to the problems at Riveredge. The Company missed its 2008 income guidance from continuing operations of $2.02 to $2.03 per diluted share, instead reporting $1.92 per diluted share. The guidance miss was based upon the problems at the Company's Riveredge facility, including the effect of the continuing hold at the facility by DCFS, additional charges related to the investigation and an increase in the Company's general and professional liability reserves.  On this news, Psychiatric Solutions' stock fell $9.79 per share to close at $17.50 per share on February 26, 2009, a decline of 35%.

## III. LEGAL ANALYSIS

### A. Movant Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. *See id.*

Here, the first notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on September 21, 2009. *See* Declaration of Jeffrey A. Berens in Support of Joe Middendorf's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Berens Decl."), Ex. A.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint ***or made a motion in response to a notice*** . . .;

(bb) in the determination of the court, ***has the largest financial interest in the relief sought by the class***; and

(cc) ***otherwise satisfies the requirements of Rule 23*** of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added). Movant meets each of these requirements and should therefore be appointed lead plaintiff.

### 1. Movant's Motion Is Timely

The notice published on September 21, 2009 informed class members of the 60-day deadline to move for appointment as lead plaintiff, which expires on November 20, 2009. *See* Berens Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). This Motion is therefore timely filed and Movant is entitled to be considered for appointment as lead plaintiff.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Movant purchased 5,000 shares of Psychiatric Solutions common stock and suffered realized losses of $60,128 as a result of defendants' alleged fraud. *See* Berens Decl., Exs. B-C. To the best of his knowledge, there are no other qualified applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb). Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Movant Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). The adequacy and typicality requirements "'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (citation omitted); *see also In re Cendent Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (only typicality and adequacy impact the Rule 23 analysis at the lead plaintiff stage). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a).

Typicality exists when the claims of the proposed class representative and class members arise from the same events and are based on the same legal or remedial theory. *In re Am. Med. Sys.,*

75 F.3d 1069, 1082 (6th Cir. 1996). Movant satisfies these requirements because, just like all other class members, he purchased Psychiatric Solutions securities during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby. *See* Berens Decl., Ex. B. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

In assessing adequacy, courts inquire as to whether there are common interests between the proposed lead plaintiff and the class, and whether the proposed lead plaintiff will vigorously prosecute the interests of the class through counsel. *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996). Here, Movant's interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Psychiatric Solutions securities and would benefit from the same relief. Movant's $60,128 financial interest also demonstrates a sufficient interest in the action to ensure vigorous advocacy. Finally, Movant has chosen experienced law firms to efficiently prosecute this action on behalf of himself and the putative class. As explained below, proposed lead counsel is highly qualified, experienced and able to conduct this litigation in a professional manner.

Thus, Movant satisfies the relevant requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### C. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Movant has selected Dyer & Berens LLP as lead counsel for the putative class. This law firm actively practices complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors throughout the country. *See* Berens Decl., Ex. D (Dyer & Berens LLP firm resume). The Court may

be assured that in the event this Motion is granted the members of the class will receive efficient, high caliber legal representation.

Accordingly, the Court should approve Movant's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court enter an order: (i) appointing Movant as lead plaintiff pursuant to the PSLRA; and (ii) approving his selection of Dyer & Berens LLP as lead counsel, and Davies, Humphreys, Horton & Reese, PLC as liaison counsel for the putative class.

DATED: November 20, 2009

DAVIES, HUMPHREYS, HORTON & REESE, PLC

*/s/ Wade B. Cowan*

WADE B. COWAN
150 Second Avenue North, Suite 225
Nashville, TN 37201-1944
Telephone: 615/256-8125
615/242-7853 (fax)
wcowan@dhhrplc.com

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

Attorneys for Movant

# **CERTIFICATE OF SERVICE**

   I hereby certify that on this the 20th day of November 2009, the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOE MIDDENDORF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL was served electronically through the CM/ECF System on the following:

LISA R. BUGNI
JESSICA PERRY CORLEY
TODD RICHARD DAVID
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: 404-881-4959
Fax: 404-253-8359
Lisa.bugni@alston.com
Jessica.corley@alston.com
Todd.david@alston.com

MICHAEL T. HARMON
W. TRAVIS PARHAM
WAVERLY DAVID CRENSHAW, JR.
WALLER, LANSDEN, DORTCH
& DAVIS
2700 Nashville City Center
Nashville, TN 37219
Telephone: 615/244-6380
615/244-6804 (fax)
Michael.harmon@wallerlaw.com
Travis.parham@wallerlaw.com
wcrenshaw@wallerlaw.com

DOUGLAS S. JOHNSTON, JR.
GERALD E. MARTIN
TIMOTHY L. MILES
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville TN 37201
Telephone: 615-244-2202
615-252-3798 (fax)
djohnston@barrettjohnston.com
gmartin@barrettjohnston.com
tmiles@barrettjohnston.com

8

Case 3:09-cv-00882   Document 30   Filed 11/20/2009   Page 8 of 9

DARREN J. ROBBINS
DAVID C. WALTON
CATHERINE J. KOWALSKI
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
davew@csgrr.com
katek@csgrr.com

MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
VANDOVERBEKE MICHAUD &
TIMMONY, P.C.
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1202 (fax)
mvanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

*Wade B. Cowan* (signature)
_____
WADE B. COWAN