UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PSYCHIATRIC SOLUTIONS, INC., et al.,<br><br>Defendants. | Civil Action No. 3:09-cv-00882<br><br>CLASS ACTION |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

Putative class member, Central States, Southeast and Southwest Areas Pension Fund ("Central States"), respectfully submits this memorandum of law in support of its motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and for approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and Barrett, Johnston & Parsley ("Barrett Johnston") as liaison counsel for the class.

## I. STATEMENT OF THE MATTER BEFORE THE COURT

This is a securities class action lawsuit on behalf of persons who purchased or otherwise acquired securities of Psychiatric Solutions, Inc. ("Psychiatric Solutions" or the "Company") between February 21, 2008 and February 25, 2009, inclusive (the "Class Period"). This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

## II. STATEMENT OF FACTS

During the Class Period, defendants issued materially false and misleading statements concerning the Company's safeguards and controls over its operations, including at its Riveredge Hospital ("Riveredge") facility. Defendants downplayed incidents at the Company's facilities, indicating that the deficiencies had all been resolved. Defendants assured investors that corrective actions had already been taken at the Company's facilities to improve the quality, safety and risk management. Additionally, defendants issued materially false and misleading statements regarding the Company's financial results and compliance with Generally Accepted Accounting Principles. Specifically, the Company failed to properly account for its contingent liabilities related to the deficiencies surrounding its operations. As a result of defendants' false and misleading statements, Psychiatric Solutions stock traded at artificially inflated prices during the Class Period, reaching a high of $39.71 per share on July 8, 2008.

On February 20, 2008, the beginning of the Class Period, Psychiatric Solutions issued its 2007 financial results, increasing earnings guidance for 2008. Just over a week later, the Company filed its Form 10-K for 2007, representing it had "higher quality care" than its competitors and assuring that Psychiatric Solutions was in compliance with applicable government regulations.

On July 17, 2008, the *Chicago Tribune* issued an investigative report which disclosed unreported violence among juvenile patients at the Company's Riveredge facility. As a result of the *Tribune's* investigation, the Illinois Department of Children and Family Services ("DCFS") placed a hold on admitting youths in the custody of the state to Riveredge. As a further result, the Department of Justice initiated an investigation into the facility and its operations.

Then, on February 25, 2009, Psychiatric Solutions announced disappointing fourth quarter and year-end financial results due to the problems at Riveredge. The Company missed its 2008 income guidance from continuing operations of $2.02 to $2.03 per diluted share, instead reporting $1.92 per diluted share. The guidance miss was based upon the problems at the Company's Riveredge facility, including the effect of the continuing hold at the facility by DCFS, additional charges related to the investigation and an increase in the Company's general and professional liability reserves. On this news, Psychiatric Solutions' stock fell $9.79 per share to close at $17.50 per share on February 26, 2009, a 1-day decline of 35%.

### III. ARGUMENT

#### A. Central States Is the Most Adequate Plaintiff

The PSLRA establishes the procedure governing the appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was timely published on *Business Wire* on September 21, 2009. *See* Declaration of George E. Barrett in Support of Central States, Southeast and Southwest Areas Pension Fund's Motion for Appointment

as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Barrett Decl."), Ex. A. Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, within 90 days after publication of the notice, the Court shall appoint as lead plaintiff the person or entity that the court determines to be most capable of adequately representing the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the ***most adequate plaintiff*** in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint *or* made a motion in response to a notice . . .;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).[1]

### 1. Central States Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by November 20, 2009. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Central States therefore has timely moved this Court to be appointed lead plaintiff and signed and filed a certification stating its willingness to serve as a representative party on behalf of the class. *See* Barrett Decl., Ex. B.

---

[1] Emphasis is added and citations are omitted here and throughout.

### 2. Central States Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Central States suffered losses of approximately $2,493,501.98 based on its expenditure of over $6 million. *See* Barrett Decl., Ex. C. To Central States' knowledge, its financial interest in this matter is the largest of any competing lead plaintiff movant. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3. Central States Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("'a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory'"). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the

- 4 -

generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. 1998) ("[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class"); *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404 (M.D. Tenn. 1996) (typicality may be satisfied "'even if there are factual distinctions between the named plaintiffs and those of other class members'").

Central States satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased Psychiatric Solutions securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Central States' claims are typical because its claims and those of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." In the Sixth Circuit, adequacy is established where (1) there are common interests between the proposed lead plaintiff and members of the class; and (2) the proposed lead plaintiff "'will vigorously prosecute the interests of the class through qualified counsel.'" *Craft*, 174 F.R.D. at 405.

Central States is an adequate class representative because its interest in aggressively pursuing its claims against Psychiatric Solutions is clearly aligned with the interests of the members of the class who also suffered losses due to defendants' false statements. Moreover, and as demonstrated below, Central States' proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Central States *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### B.     Central States' Selection of Lead Counsel Should Be Approved

The lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). Central States has selected Coughlin Stoia

to serve as lead counsel for the class and Barrett Johnston to serve as liaison counsel. Coughlin Stoia possesses extensive experience litigating securities class actions, has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002); *see also* Barrett Decl., Ex. E. Additionally, this Court has noted the qualifications and experience of Barrett Johnston in complex class actions. *See, e.g.*, *Craft v. Vanderbilt*, 174 F.R.D. 396, 406 (M.D. Tenn. 1996). Coughlin Stoia and Barrett Johnston have also been appointed to serve as co-lead or lead/liaison in numerous cases before this court. *See* Barrett Decl., Ex. D. Thus, the Court should approve Central States' selection of Coughlin Stoia as lead counsel and Barrett Johnston as liaison counsel for the class.

## IV. CONCLUSION

For the foregoing reasons, the Court should appoint Central States as Lead Plaintiff and approve its selection of Coughlin Stoia as Lead Counsel and Barrett, Johnston and Parsley as Liaison Counsel for the class.

DATED: November 20, 2009

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT, #2672
DOUGLAS S. JOHNSTON, JR., #5782
GERALD E. MARTIN, #20193
TIMOTHY L. MILES, #21605

s/ GEORGE E. BARRETT
GEORGE E. BARRETT

217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: 615/244-2202
615/252-3798 (fax)
djohnston@barrettjohnston.com
gmartin@barrettjohnston.com
tmiles@barrettjohnston.com

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TOR GRONBORG
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

S:\CasesSD\Psychiatric Solutions\Lead Plantiff\BRF00063185.doc

CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

Lisa R. Bugni
Jessica Perry Corley
Todd Richard David
Alston & Bird LLP
One Atlantic Center
1201 W Peachtree Street
Atlanta, GA 30309-3424

W. Travis Parham
Michael T. Harmon
Waverly David Crenshaw, Jr.
Waller Lansden Dortch & Davis, LLP
2700 Nashville City Center
511 Union Street
Nashville, TN 37219

David C. Walton
Darren J. Robbins
Catherine J. Kowalewski
Coughlin, Stoia, Geller, Rudman & Robbins
655 W Broadway, Suite 1900
San Diego, CA 92101

Douglas S. Johnston, Jr.
Gerald E. Martin
Timothy L. Miles
Barrett, Johnston & Parsley
217 Second Avenue, N
Nashville, TN 37201

Michael J. Vanoverbeke
Thomas C. Michaud
Vanoverbeke, Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2009.

                                                s/ GEORGE E. BARRETT
                                                 GEORGE E. BARRETT

                                                217 Second Avenue, North
                                                Nashville, TN 37201-1601
                                                Telephone: 615/244-2202
                                                615/252-3798 (fax)
                                                E-mail:gbarrett@barrettjohnston.com

# Mailing Information for a Case 3:09-cv-00882

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lisa R. Bugni**
  lisa.bugni@alston.com

- **Jessica Perry Corley**
  jessica.corley@alston.com

- **Waverly David Crenshaw , Jr**
  wcrenshaw@wallerlaw.com,mseay@wallerlaw.com

- **Todd Richard David**
  todd.david@alston.com

- **Michael T. Harmon**
  michael.harmon@wallerlaw.com

- **Douglas S. Johnston , Jr**
  djohnston@barrettjohnston.com

- **Catherine J. Kowalewski**
  katek@csgrr.com

- **Gerald E. Martin**
  jmartin@barrettjohnston.com,lbrock@barrettjohnston.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **W. Travis Parham**
  travis.parham@wallerlaw.com,shelli.dimarco@wallerlaw.com

- **Darren J. Robbins**
  darrenr@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Michael J. Vanoverbeke**
  mvanoverbeke@vmtlaw.com

- **David C. Walton**
  davew@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`