IN THE UNTIED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISON

| | |
|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEMS, Individually and on behalf of all Others similarly situated,<br><br>Plaintiff,<br><br>CENTRIAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Individually and on behalf of all others Similarly situated,<br><br>Lead Plaintiff,<br><br>PSYCHIATRIC SOLUTIONS, INC., JOEY A. JACOBS, BRENT TURNER and JACK E. POLSON, | CASE NO. 3:09-00882<br>JUDGE HAYNES |

**ORDER**

Before the Court is the Defendants' motion for certification for an interlocutory appeal and for clarification or reconsideration (Docket Entry No. 126) of the Court's earlier Order that denied the Defendants' motion to dismiss. (Docket Entry Nos. 124 and 125). Plaintiffs filed their response and in a supplemental filing provided a citation to a recent Sixth Circuit decision. (Docket Entry Nos. 129 and 134). Defendants filed a reply to the Plaintiffs' response and supplemental brief on the Sixth Circuit decision. (Docket Entry Nos. 133 and 135).

Upon review of the record and motion papers, the Court concludes that its March 31, 2011 Order does not qualify for interlocutory appeal. The Order does not raise a controlling or significant issue of law. An assessment of Plaintiffs' allegations of materiality represents "an inherently fact-specific" inquiry. Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1318

(2011). Defendants' references to the rollup transaction provisions under 15 U.S.C. § 78u-5(b)(1)(D) were not significant issues in their motion to dismiss, as reflected by Defendants' memoranda of law in support their motion to dismiss. (Docket Entry Nos. 111 and 123). Of the more than sixty pages of their memoranda, the Defendants devoted three pages to the rollup provision, (Docket Entry No. 123 at 4-6) and in their reply, the Defendants did not make the arguments that are in this motion. Moreover, the Court concludes that given Defendant's acquisitions, the rollover provision issue also is fact specific, as the Defendants argued in their reply to Plaintiffs' response on their motion to dismiss. Id.

As to the motion for clarification or reconsideration, the Court concludes that Defendants' motion presents essentially the same authorities and arguments that the Court addressed in its earlier Memorandum. As to Defendants' contention about the Plaintiffs' allegations about Defendants' increase of reserves, the Court's express ruling was that "standing alone", those reserve allegations were not actionable. (Docket Entry No. 124, Memorandum at 75). Plaintiffs' factual allegations about Defendants' increase of reserves are inextricably interrelated with Defendants' other actionable misrepresentations and omissions. Thus, the Court declined to dismiss Plaintiffs' allegations about the increase in reserves. The Court's 91 page Memorandum analyzed Plaintiffs' complaint and Defendants' contentions and that ruling is consistent with Konkol v. Diebold, Inc., 590 F.3d 390, 397-404 (6th Cir. 2009). That extensive analysis now appears to have been unnecessary in light of Frank v. Dana Corp., No. 09-4233, 2011 WL 2020717, at **5-7 (6th Cir. May 25, 2011). For these reasons, the Court reaffirms its earlier ruling that Plaintiffs have well pled the elements of their claims.

For these reasons, the Defendants' motion for certification for an interlocutory appeal and for clarification or reconsideration (Docket Entry No. 126) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the  13th  day of August, 2011.

                                              WILLIAM J. HAYNES, JR.
                                              United Sates District Judge