UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM, | ) ) ) |
| Plaintiff, and | ) ) ) |
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Lead Plaintiff, | ) ) ) |
| v. | ) ) |
| PSYCHIATRIC SOLUTIONS, INC., et al, | ) ) ) |
| Defendants. | ) |

No. 3:09-00882
Chief Judge Haynes

## MEMORANDUM

Plaintiffs, Garden City Employees' Retirement System ("Garden City") and Central States, Southeast and Southwest Areas Pension Fund, filed this action under Section 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, on behalf of themselves and a class of shareholders against the Defendants: Psychiatric Solutions, Inc. ("PSI"), Joey A. Jacobs, Brent Turner, and Jack E. Polson. Plaintiffs assert jurisdiction under 15 U.S.C. § 78aa of the Securities Exchange Act. In sum, Plaintiffs allege that from February 21, 2008 through February 25, 2009 when Plaintiffs purchased or held PSI stock, these Defendants engaged in and/or materially assisted in a scheme and course of business to inflate artificially the value of PSI stock. Defendants allegedly did so by running the business in a manner which operated as a fraud or deceit upon investors and other members of the public. Plaintiffs specifically allege that the Defendants concealed PSI's increasing financial difficulties in increasing

revenue and profits due to staffing PSI facilities at levels below those necessary for patient safety and PSI's stated quality of care at PSI facilities. Plaintiffs allege that the Defendants repeatedly minimized the significance of published reports of patient safety incidents at PSI institutions to hide PSI's actual financial problems and to prevent steep stock price declines until February 25, 2009, when PSI reported its fiscal year 2008 and fourth quarter 2008 financial results. Plaintiffs allege that the Defendants' fraud ultimately led to a collapse of PSI's stock price, damaging the Plaintiffs.

In earlier proceedings, the Court appointed Central States, Southeast and Southwest Areas Pension Fund ("Central States") as the Lead Plaintiff in this action. Central States then filed an amended complaint (Docket Entry No. 109). Later, the Defendants moved to dismiss that after briefing by the parties, the Court denied (Docket Entry Nos. 124 and 125). After review, given the extent and scope of state enforcement agencies' findings and sanctions for inadequate services and patient care at PSI facilities, PSI's and the Individual Defendants' statements about the nature of PSI's services, practices and profitability, the Court concluded that Plaintiffs stated actionable claims. The Court further concluded that Plaintiffs' allegations gave rise to a strong inference of scienter necessary for Plaintiffs' securities claims for Defendants' material misrepresentations and omissions. The Plaintiffs moved for class certification that after briefing, the Court granted. (Docket Entry Nos. 180 and 181). The Defendants filed a petition for review of the class certification ruling and the Sixth Circuit denied the petition. (Docket Entry No. 192).

Before the Court is the Defendants' motion for leave to conduct discovery of absent class members with interrogatories and depositions of up to 10 institutional investors for up to 30 hours. (Docket Entry No. 196). In sum, Defendants contend such discovery is necessary on "individual issues" of class members, as well as for their "class-wide defenses, including the "truth on the

2

market" defense and to respond to the Plaintiffs' "fraud on the market theory" (Docket Entry No. 197 at 4).

In their response, Plaintiffs assert, in sum: (1) that the Defendants have commenced discovery of absent class members by issuing subpoenas to 14 institutional investors; (2) that Defendants have not established their need for such discovery nor defined the scope of such discovery; (3) that Defendants have not shown that there are not alternate sources for discovery; (4) that the Defendants' motion for such discovery is contrary to well-established precedents; and (5) that Defendants' undefined discovery poses the prospect for undue burdens upon Plaintiffs and their class without any showing of Defendants' pursuit of discovery from the Plaintiffs. (Docket Entry No. 205).

As a general rule, absent class members are not subject to the discovery, as the Supreme Court observed in <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797 (1985):

> Unlike a defendant in a normal civil suit, an absent class action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection. In most class actions an absent plaintiff is provided at least with an opportunity to "opt out" of the class, and if he takes advantage of that opportunity he is removed from the litigation entirely.

<u>Id</u>. at 810.

In subsequent decisions, courts have ruled that discovery of absent class members, while not forbidden, is rarely permitted. These courts reasoned that because absent class members are "parties" to the action, "to permit extensive discovery [of them] would defeat the purpose of class actions which is to prevent massive joinder of small claims." <u>McCarthy v. Paine Webber Group, Inc.</u>, 164 F.R.D. 309, 313 (D.Conn. 1995). Thus, "[d]iscovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions **and**

3

**unavailable from the representative parties**; and (3) is necessary at trial of issues common to the class." Id. (citing Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977) cert. denied, 438 U.S. 916 (1978) and Brennan v. Midwestern United Life Insurance, 450 F.2d 999, 1004-1006 (7th Cir. 1971), cert. denied, 405 U.S. 921 (1972)) (emphasis added). See also In re Carbon Dioxide Industry Antitrust Litigation, 155 F.R.D. 209, 212 (M.D. Fla. 1993) (where defendants have failed to show "that they have a particularized need to obtain information not available from the class representatives," courts will "not permit general discovery from passive class members") and Winfield v. St. Joe Paper Co., 20 Fair Empl. Prac. Cas. (BNA) 1093, 1094 (1977) (absent members of the class are not "parties," but instead "are relatively passive beneficiaries of the efforts of the plaintiffs in their behalf.").

An-often-cited Commentator observed that in virtually all actions where absent class member discovery is permitted, such discovery is taken by the plaintiffs from the defendant and not by the defendant from the plaintiffs. 5 Newberg on Class Actions (4th ed. 2012) § 16:2. The purpose of this rule is to promote the policy of Federal Rule 23, i.e., to prevent absent class members from being compelled to participate actively in the litigation. Id. at § 16:4.

To subject absent class members to discovery, the court must "determine[] that such discovery is "necessary or helpful to the proper presentation and correct adjudication of the principal suit... [and] adequate precautionary measures are taken to insure that the absent class member[s] [are] not misled or confused." Halling v. Hobert & Svoboda, et al, No. 87-C-912, 1989 U. S. Dist. LEXIS 18115 at *4 (E.D. Wis., July 24, 1989)(quoting Brennan v. Midwestern United Life Insurance Co., 450 F.2d 999, 1005 (7th Cir.1971)). In a post-certification context, the Manual for Complex Litigation specifically addresses discovery of absent class members and provides that such discovery

4

is to be sharply limited and allowed only upon a "strong showing of justification."

> Post-certification discovery directed at individual class members (other than named plaintiffs) **should be permitted only to the extent necessary and should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members** (see supra section 3012). One of the principal advantages of class actions over massive joinder or consolidation would be lost its class members were routinely subject discovery: "**[i]f discovery from absent members of the class is permissible at all, it should be sharply limited and allowed only on a strong showing of justification.**" The court will need to consider whether the information sought through interrogatories from absent class members is unavailable from other sources, and whether the proposed interrogatories will not require class members to obtain legal or technical counsel. Some courts have held that class members are not parties for the purpose of discovery by interrogatories. Other have permitted limited numbers of interrogatories to be served upon a showing of need, have limited number of class members to whom they may be directed, or have imposed the cost of mailing otherwise permissible interrogatories to absent members of a plaintiff class on defendants. Attempts to depose class members should require greater justification than interrogatories.
>
> Class members are sometimes called on to provide the court with information regarding their individual claims. This may be appropriate in connection with preparation for the second stage of a bifurcated trial (with adequate time allowed for discovery) or the determination of entitlement to individual relief under a judgment or settlement (see infra section 30.47). Class members should not, however, be required to submit proofs of claim as a condition of membership in the class, which would be equivalent to establishing an opt-in procedure. Nor should such claims forms or questionnaires be used to evade the general limitation on discovery from class members.

Manual for Complex Litigation (3rd ed.) § 30.232 (quoting 8 Charles A. Wright et. al., Federal Practice and Procedure § 2171) (emphasis added with citations and footnotes omitted). The Defendants bear "'the burden of showing necessity and the absence of any motive to take undue advantage of the class members'."Halling, 1989 U. S. LEXIS 18115 at *4 (quoting Clark v. Universal Builders, Inc., 501 F.2d 324, 341 (7th Cir. 1974))

Where, as here, Plaintiffs assert the "fraud on the market" theory of liability, the "material

5

misrepresentations and omissions in an offering memorandum can affect the market price of a security and thus injure investors who rely on the accuracy of the information. In such a case, ... the plaintiffs need not establish reliance. ...The speculation by the defendants that absent class members *might* have invested even knowing of the alleged material misrepresentations and omissions is simply insufficient to satisfy the threshold burden of demonstrating the necessity required to justify discovery of absent class members." Id at 8, 10 (emphasis in the original). Moreover where as here, the Defendants' discovery requests are "neither limited in terms of time nor are they limited to specific categories". In re Fedex Ground Package System, Inc., No. 3:05MD527, 2007 WL 733753 at *6 (N.D. Ind., March 5, 2007). There, the defendant failed to carry its burden to justify discovery of absent class members. Id. See Allen v. Andrews Distributing No. 3:01cv1276. Docket Entry No. 109, Order (Haynes, J.)(denying discovery of absent class members); see also Lawrence E. Jaffe Pension Plan,, v. Household Int'l Inc., et al., No. 2C5893, 2005 WL 3801463 at *4 (N. D. Ill., February 16, 2006). Here, although Defendants limit the number of deponents and length of depositions, Defendants do not define nor attempt to set any limits on the scope of their discovery requests.

Discovery of absent class members' investment history is not relevant. The preferred approach for discovery of absent class members is by "bifurcating discovery regarding class liability issues and discovery regarding individualized reliance issues is the most orderly, efficient, and economical way to proceed". Jaffe Pension, 2005 WL 3801463 at *4. (citing 7 Newberg on Class Actions § 22:61 (4th ed.) (noting that in securities fraud action "'rebuttal of individual reliance . . . may be resolved after trial on common issues'"). "'Judicial economy is better served by a focus upon the materiality of the challenged representations or omissions rather than on individual reliance,

6

in a realm when the harm to the shareholder is a product of the injury to the market by the defendant's practices." Id. (citations omitted)

Here, the Court concludes that Defendants have not made the requisite showing for such substantial discovery of absent class members. Full discovery is available from the named Plaintiffs who have been forced to be adequate representatives of the class. Given this rule, the Defendants' undisputed commencement of discovery of absent class members by the issuance of subpoenas to institutional investors, without prior Court approval, is disturbing. Thus, the Defendants' motion for leave to conduct discovery of absent class members should be denied. Defendants may renew such a motion after the determination of class action eligibility.

An appropriate Order is filed herewith,

**ENTERED** this the _10th_ day of October, 2012.

William J. Haynes, Jr.
Chief United States District Judge