UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| GARDEN CITY EMPLOYEES' RETIREMENT SYSTEM,<br><br>Plaintiff, and<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>vs.<br><br>PSYCHIATRIC SOLUTIONS, INC., et al.,<br><br>Defendants. | Civil Action No. 3:09-cv-00882-WJH<br><br>Senior District Judge William J. Haynes, Jr.<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

995659_1
Case 3:09-cv-00882   Document 461-2   Filed 01/09/15   Page 1 of 9 PageID #: 36873
Case 3:09-cv-00882   Document 468   Filed 01/16/15   Page 1 of 9 PageID #: 36905

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated October 21, 2014, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated October 10, 2014 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Litigation and all claims contained therein and all of the Released Claims as against the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

- 1 -

995659_1

Case 3:09-cv-00882   Document 461-2   Filed 01/09/15   Page 2 of 9 PageID #: 36874
Case 3:09-cv-00882   Document 468   Filed 01/16/15   Page 2 of 9 PageID #: 36906

6. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiff and each of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged any and all Released Claims (including, without limitation, Unknown Claims) against the Released Persons (regardless of whether such Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims against the Released Persons, Lead Plaintiff and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

7. Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, other than those listed on Exhibit A hereto, and Plaintiffs' Counsel from the Settled Defendants' Released Claims (including, without limitation, Unknown Claims) except for claims relating to the enforcement of the Settlement.

8. Upon the Effective Date hereof, Lead Plaintiff and each of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by operation of this Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court

of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States of not), any and all Released Claims (including, without limitation, Unknown Claims) against any of the Released Persons (regardless of whether such Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims against the Released Persons, Lead Plaintiff and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

9. The Notice of Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on October 21, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

10. Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and payment of costs and expenses as allowed by the Court. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither the Settlement Agreement nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document

- 3 -

995659_1
Case 3:09-cv-00882   Document 461-2   Filed 01/09/15   Page 4 of 9 PageID #: 36876
Case 3:09-cv-00882   Document 468   Filed 01/16/15   Page 4 of 9 PageID #: 36908

executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Lead Plaintiff, Class Members, and their respective counsel may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Agreement and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Agreement, the Settlement, or the Judgment.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, costs and expenses in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _1-16-15_

_____
THE HONORABLE WILLIAM J. HAYNES, JR.
UNITED STATES SENIOR DISTRICT JUDGE

- 5 -

995659_1

Case 3:09-cv-00882   Document 461-2   Filed 01/09/15   Page 6 of 9 PageID #: 36878
Case 3:09-cv-00882   Document 468   Filed 01/16/15   Page 6 of 9 PageID #: 36910

# EXHIBIT A

| RcvDt Resd | Name | Address | City/State/Zip | Foreign | OptOutNo |
|---|---|---|---|---|---|
| **PSOLUT** | | | | | |
| 12/16/14 | RICHARD C BROWN | ███ | ███ | | 00001 |
| 12/16/14 | RICHARD C BROWN<br>SANDRA A BROWN | ███ | ███ | | 00002 |

Total:  2

| RcvDt: Resd | Name | Address | City/State/Zip | Foreign | OptOutNo |
|---|---|---|---|---|---|
| **PSYCHS(** | | | | | |
| 05/16/12 | GLORIA N WU | ███ | ███ | | 00001 |
| 05/25/12 | PARVIN AFSHAR MD | ███ | ███ | | 00002 |
| 05/29/12 | JAMES PHILLIPS | ███ | ███ | | 00003 |
| 06/08/12 | RONALD M BENS | ███ | ███ | | 00004 |
| 06/11/12 | ELIZABETH GONZALES | ███ | ███ | | 00005 |
| 06/19/12 | BARBARA J WOOD | ███ | ███ | | 00006 |
| 06/29/12 | SCOTT HOLLENBECK<br>JODY E HOLLENBECK | ███ | ███ | | 80001 |
| 07/30/12 | JOSEPH PATRICK LOWRY | ███ | ███ | | 80002 |

Total: 8