# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

GARDEN CITY EMPLOYEES'          )
RETIREMENT SYSTEM,              )
                               )
    Plaintiff,                 )
                               )
CENTRAL STATES, SOUTHEAST       )
SOUTHWEST AREAS PENSION FUND,   )
Individually and on Behalf of All Others   )    No. 3:09-cv-00882
Similarly Situated,            )    Senior Judge Haynes
                               )
    Lead Plaintiffs,           )
                               )
BEVERLY KERN, on Behalf of Herself and   )
Her Siblings, and as Administrator of the   )
Estate of Donna Kern,          )
                               )
    Intervenors,               )
                               )
v.                             )
                               )
PSYCHIATRIC SOLUTIONS, INC., et al.,   )
                               )
    Defendants.                )

## M E M O R A N D U M

Intervenors, Beverly Kern, on behalf of herself and her siblings, and as Administrator of the

Estate of Donna Kern, filed a motion to intervene and to unseal documents filed in this action under

a Protective Order. These document pertain to the Defendants' motion for summary judgment and

related papers. Intervenors assert that these documents are highly relevant to their pending state

civil action in Georgia against Defendant Psychiatric Solutions, Inc. ("PSI").[1]  Given that this

litigation involved significant amounts of information about patient medical care, the Court

---

[1] Intervenors assert that they requested these documents from PSI in the Georgia civil action, but PSI refused to produce any of the requested documents.

authorized the parties to designate and file documents under seal.

The Defendants objected to the Intervenors' motion, citing Arthur S. Langenderfer, Inc. v. S.E. Johnson Co., 729 F.2d 1050, 1060 (6th Cir. 1984), on the lack of common questions of law or fact between this action and Kern's Georgia action. PSI also argued that to allow intervention and unseal the requested materials undermines the finality of this closed action.

The Court granted the Intervenors' motion to intervene, but reserved their motion to unseal. The Court allowed Intervenors' designated counsel access to the cited sealed documents. Thereafter, the Court required Intervenors' designated counsel to file under seal a memorandum demonstrating the relevance[2] of specific documents to the Intervenors' Georgia state court action. As to PSI's finality contention, the Court noted that intervention has been permitted to modify a judgment or settlement. See, e.g., Stotts v. Memphis Fire Dep't, 679 F.2d 579, 581 (6th Cir. 1982). The Court deemed Langenderfer to be factually inapposite as Intervenors here do not seek to modify any judgment or any settlement agreement between the parties. Intervenors seek only access to the documents submitted in connection with the Defendants' motion for summary judgment.

Before the Court is the Intervenors' renewed motion to unseal (Docket Entry No. 492), contending that they have identified specific sealed documents relevant to the Defendant PSI's control over Focus by the Sea, the mental health institution that treated and discharged Amy Kern, giving rise to the Intervenors' claims. Intervenors also rely upon the First Amendment principle that judicial documents are public records absent compelling justification that are absent here. On a Spreadsheet attached to their motion, Intervenors identify the relevant documents.

---

[2] See Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 n.3 (11th Cir. 1985) ("If formal proceedings occur in one court and are relevant to issues being presented in another court, judicial economy would mandate their availability.").

In their response (Docket Entry No. 497), the Defendants agree to a number of the designated docket entries to which Intervenors seek to unseal and agree to produce four docket entries (either in full or redacted form) to Intervenors. Defendants assert the Georgia Court should determine whether the listed documents should be subject to a protective order or may be used at any trial. Defendants oppose unsealing 88 docket entries that were not submitted by the Defendants and they argue these documents are wholly irrelevant to Intervenors' Georgia state court action and Intervenors have not met their burden under the Court's Order to show relevance of specific documents to their Georgia state court action. Defendants also contend that the Intervenors' list of documents includes documents beyond the scope of the Court's Order that was limited to summary judgment documents. (Docket Entry No. 488). Of the 114 docket entries on the Intervenors' spreadsheet, Defendants assert that 35 concern motions in limine on a number of topics,[3] and were not submitted on their motion for summary judgment. Defendants also argue that the Intervenors could have sought this discovery in the Georgia action and are engaged in and "endrun" around the Georgia state court's discovery Orders.

In reply (Docket Entry No. 502), Intervenors assert that the Defendants overreached in their designations of confidential information under the Court's Protective Order. As to this abuse, Intervenors cite Plaintiffs' filing that the Defendants were "indiscriminately mark[ing] virtually every (if not all) document they produced in this litigation as confidential or highly confidential," including hundreds of trivial emails, including emails about a PSI chili cook off and spam emails, outdated

---

[3] These 35 docket entries are identified as Docket Entry Nos. 289-1, 289-2, 289-3, 289-4, 289-5, 289-6, 289-7, 289-8, 289-9, 289-10, 289-11, 289-12, 289-13, 289-14, 289-15, 289-16, 289-17, 289-20, 289-21, 289-22, 289-23, 290-1, 290-2, 295-1, 365, 385-1, 401, 401-1, 401-2, 401-4, 416-1, 416-3, 440, 440-1, and 441-1.

financial information, and "e-mails about staffing and quality issues at PSI's psychiatric hospitals," citing Id. at 7 (citing Docket Entry No. 324-1). Intervenors agree to redact any patient information protected by federal law.

For relevance of these documents, Intervenors cites PSI's motion for summary judgment in the Georgia action denying any ownership or operation of Focus by the Sea, the mental health facility at issue in Georgia. The Intervenors argue that their designated sealed documents are relevant to PSI ownership of Focus by the Sea, to PSI's policy of corporate control of its facilities' operations and finances, such as Focus by the Sea, and to PSI's alleged indifference to patient safety at its facility, as evidence to warrant an award of punitive damages.

## A. Relevance to the Georgia Action

On February 4, 2011, Kern, filed her action against PSI and others in the Superior Court of DeKalb County, Georgia. In their Georgia state court action, Intervenors allege that on February 7, 2009, Donna Kern's granddaughter, Amy Kern, killed Donna Kern with a tire iron and also killed William Chapman with a gun in Jupiter, Florida. Amy Kern has a long history of severe mental illnesses, with diagnoses of schizophrenia, bipolar disorder, and psychosis. Twelve days before the killing and the last day of Amy Kern's insurance coverage for her inpatient treatment, Focus by the Sea released Amy Kern. Focus by the Sea is a psychiatric hospital in St. Simons, Georgia that is allegedly owned and operated by the Defendant PSI.

In the Georgia action, Intervenors specifically allege that Dr. Alina Galiano, Kern's psychiatrist at Focus, and other medical staff, were medically negligent in treating Kern and discharging her when her insurance coverage expired. (Docket Entry No. 498, Oertal Declaration, at ¶ 10). PSI was originally named among the "Focus Defendants" because PSI "owned and/or

4

operated" Focus and, therefore, the doctors, nurses, and medical staff were actual and/or ostensible agents and employees of the facility and PSI. PSI allegedly had corporate policy, practices, and conduct that caused Amy Kern's discharge. Intervenors later voluntarily dismissed PSI without prejudice. Intervenors assert they subsequently discovered that PSI falsely represented its lack of involvement in Focus by the Sea's operations and Intervenors renewed their claims against PSI. The Georgia action has now been pending for over five years and is set for trial on October 24, 2016.

For their relevance showing, Intervenors cite the original Plaintiffs' amended complaint, alleging that PSI executives made monthly and annual visits to each of PSI's facilities to assess the facilities' compliance with PSI's various policies and procedures. (Docket Entry No. 109 at ¶¶ 165-66). Former Focus by the Sea employees testified in the Georgia action that PSI representatives made such compliance visits. Intervenors also cite their amended complaint alleging that PSI was directly involved in the actual operation of its psychiatric facilities, including Focus by the Sea that discharged Amy Kern. Intervenors' amended complaint asserts that Joey Jacobs, PSI's former CEO and president, made staffing cuts at Focus by the Sea in 2008 when PSI was under pressure from investors to deliver on its promises of continued revenue growth. (Docket Entry No. 492-1 at 5 (citing Docket Entry No. 109 at ¶ 38)).

After renewing their claims against PSI, Intervenors sought discovery with 15 documents requests, 73 requests for admission, and 43 interrogatories, including all documents in this action. Intervenors cite the testimony of Dr. Jackie Cox Thompson, a physician at Focus by the Sea that at the time of Kern's release, PSI executives pressured Focus by the Sea staff to make medical decisions based on money, not patient needs. According to this physician, a Focus by the Sea executive was "dictat[ing]" that patients be discharged when their insurance coverage expired

5

regardless of the patient's mental health. (Docket Entry No. 470-8, Deposition of Dr. Jackie Cox Thompson, at 59-63). Intervenors also cite PSI's admission in the Georgia action that in 2008 and 2009, Joey Jacobs, PSI's former President and CEO, was also the CEO of Focus by the Sea, and that Jack Polson, another individual Defendant in this action, was Focus by the Sea's CFO and PSI's CAO.

In their discovery, Intervenors identified a "Management Services Agreement" between PSI and Focus by the Sea under which PSI agreed to provide management services for Focus by the Sea, including clinical consulting, managing relationships with insurance companies, and consultation on patient relationships, among many other services. In the Georgia civil action, PSI's position has been that PSI has never owned or operated Focus by the Sea nor involved in the psychiatric care for Amy Kern. Intervenors cite the testimony of former Focus by the Sea employees in the Georgia action referring to PSI documents that are inconsistent with PSI's denials.

According to the Defendants, for two years, Intervenors did not request any discovery from PSI about corporate control over Focus by the Sea, and in September 2013, PSI filed a motion for summary judgment and Intervenors voluntarily dismissed PSI. (Docket Entry No. 470 at 2). Defendants cite the testimony of Dr. Jackie Cox-Thompson, Kern's case manager and liaison with Kern's insurance company that Kern was discharged because her condition had stabilized and she was ready to continue treatment on an outpatient basis and that her insurance had nothing to do with her discharge. (Docket Entry No. 497 at 4).

Despite PSI's objection, the Georgia state court allowed Intervenors to depose Kathy Bolmer, a former PSI Executive Vice President and Joey Jacobs, PSI's former CEO. Defendants quote the Georgia court's statement to Plaintiff's counsel: "That's a hell of a burden of discovery you imposed

6

on [PSI and the other Defendants]. So I'm going to allow you to do it, but you will be looked at with a jaundiced eye." (Docket Entry No. 497 at 5). The Georgia state court would consider additional individuals related to PSI, if Intervenors showed good cause to do so. Id. Intervenors have not deposed Joey Jacobs.

Defendants quote the October 2014 depositions of Mia Meloni, Associate General Counsel of UHS Delaware, Inc., as the corporate representative of UHS and PSI; and Monica Cook, then the CEO of Focus by the Sea. Both deponents denied that PSI exercised day-to-day control over Focus by the Sea. Ms. Cook further denied that the facility ever discharged a patient for insurance reasons. (Docket Entry No. 498-4, Ex. 4, Cook Deposition, at 26) ("No. Insurance payment does not just - - does not justify discharge or admission. It's what the doctor and the team feels.").

Defendants next cite their July 2015 deposition of Kathy Bolmer and Kim Whitelock, Focus by the Sea CEO when Kern was a patient. Bolmer denied that any PSI policy or practice of understaffing or requiring insurance discharges existed and had never heard of such a policy, and "would be horrified and surprised." (Docket Entry No. 497 at 5). Whitelock's testimony denied PSI exercise of day-to-day control over the facility or any occasion of a discharge for lack of insurance. Id.

In the summer of 2015, Defendants cite the Intervenors' request for more production and computer search for documents on PSI corporate policies and PSI's relationship with its 95 subsidiary facilities. PSI requested Intervenors to provide keywords as well as an agreement to share the costs of production. With such agreements, PSI would search its electronic database for the requested documents. Intervenors did not provide keywords nor agree to share costs nor seek relief from the Georgia Court.

Finally, Defendants assert that they produced seven (7) million documents to Intervenors who have deposed dozens of witnesses, including individuals with knowledge of PSI corporate policies and practices. In the Defendants' view, Intervenors have burdened and seek to burden PSI further with significant document discovery.

## B. Conclusions of Law

In the Sixth Circuit, public access to judicial case documents is necessary to ensure that the public can "analyze and critique the reasoning of the court," and to allow "the public . . . an opportunity to review the facts presented to the court." Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1178 (6th Cir. 1983). A justifying rationale is that "[t]he resolution of private disputes frequently involves issues and remedies affecting third parties or the general public." Id. at 1179; see also Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996) (recognizing the longstanding tradition of public access to judicial documents).

The First Amendment grants Intervenors a qualified right to access certain judicial documents. Brown & Williamson, 710 F.2d at 1177; Applications of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987). Materials submitted by a party on summary judgment must be disclosed absent the "most compelling reasons" so as to preclude "total foreclosure of public and professional scrutiny." Brown & Williamson, 710 F.2d at 1180 (quoting Joy v. North, 692 F.2d 880, 894 (2d Cir. 1982); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006) ("[T]here exists a qualified First Amendment right of access to documents submitted to the court in connection with a summary judgment motion."); In re New York Times Co., 828 F.2d 110, 114 (2d Cir. 1987) ("Other circuits that have addressed this question have construed the constitutional right of access to apply to written documents submitted in connection with judicial proceedings that themselves

implicate the right of access"). "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." Joy, 692 F.2d at 893. The party opposing disclosure bears the burden of overcoming the presumption in favor of public assess. United States v. Beckham, 789 F.2d 401, 419 (6th Cir. 1986) (collecting cases).

Moreover, a court possesses inherent authority over its judicial records and files, Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978), but this discretion is "circumscribed by a long-established legal tradition," Brown & Williamson, 710 F.2d at 1177. In this Circuit, there is a "presumptive right of the public to inspect and copy judicial documents and files." In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir.1983). For this right of access, Intervenors cite the District of Columbia Circuit's observation that "any attempt to maintain secrecy, as to the records of the court, would seem to be inconsistent with the common understanding of what belongs to a public court of record . . . ." Ex Parte Drawbraugh, 2 App.D.C. 404, 407-08 (1894). Courts also acknowledge the "natural desire of parties to shield prejudicial information" from the public eye, as the Sixth Circuit stated:

> This desire . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know. In such cases, a court should not seal records unless public access would reveal legitimate trade secrets . . . .

Brown & Williamson, 710 F.2d at 1180.

For their access, the Intervenors' request must satisfy the "experience and logic" test. Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cnty., 478 U.S. 1, 8 (1986). For this test, the Court must consider whether the document has historically been available to the press and the public, id. at 8, and the "logic element" asks whether "public access plays a significant positive role in the

functioning of the particular process in question," In re Search of Fair Fin., 692 F.3d 424, 429 (6th Cir. 2012) (quoting Press-Enter. Co., 478 U.S. at 8). As noted earlier, "[i]f formal proceedings occur in one court and are relevant to issues being presented in another court, judicial economy would mandate their availability." Wilson, 759 F.2d at 1571 n.3. Moreover, for documents involving non-dispositive motions, the requesting party must show good cause for public access. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

As to Intervenors showing of relevance, the Court views the relevance issue from the perspective of discovery as this Court is not in a position to evaluate the merits of the Intervenors' Georgia claims. Intervenors allege that PSI controlled Focus by the Sea's operations and have presented testimony of a physician about PSI's actual control over Focus by the Sea's operations. Intervenors cite a management contract between PSI and Focus by the Sea. Intervenors cite without dispute that Defendants Jacobs and Polson held executive positions at Focus by the Sea in 2008 and 2009. There is not any showing that the designated documents were previously produced in the Georgia action. Thus, the Court concludes that Intervenors have satisfied their showing of relevance.

The above-cited First Amendment principles and this Court's inherent authority over its case documents are the controlling bases for this Court's decision. As to the merits of the Intervenors' claim and whether the Intervenors motion is an "endrun" around the Georgia state court's discovery orders is a matter for the Georgia court who is more knowledgeable and familiar with those proceedings. Thus, the Court concludes that all docket entries filed or referenced in the Defendants' motion for summary judgment filed in this action shall be unsealed subject to redaction of Patient Identifying Information protected by HIPPA and/or 42 U.S.C. § 290dd-2. As to materials that Defendants assert are unrelated to their motion for summary judgment, the Court cross-referenced

the documents on the Intervenors' chart of requested documents and the Defendants' motion for summary judgment and its related papers. Attached to the memorandum is a chart identifying where the requested document is cited in any motion for summary judgment papers.

For their argument that Intervenors have designated sealed documents that are unrelated to the Defendants' motion for summary judgment, Defendants list 35 docket entries involving motions in limine. Defendants contend these motions and related documents are non-dispositive and as such, courts have required a showing of good cause to justify unsealing, citing inter alia, Kamakana , 447 F.3d at 1179-80. In this Court's view, motions in limine involve the issues of admissibility or exclusion of evidence. Such evidence may be the basis for a decision by the court or the jury's verdict. Thus, these rulings are also potentially dispositive because excluding evidence may defeat a claim or defense. See Brown & Williamson, 710 F.2d at 1180 ("Since [the document] is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny.") (quoting Joy, 692 F.2d at 894). Thus, if the Court had ruled on any of these motions in limine, that ruling would be a matter affecting the court's or jury's decision and would be entitled to presumptive disclosure.

In closing, the Georgia court has the final authority on the relevance of these documents to Intervenors' claims and whether these documents should be sealed for that action. Given the relevance of these documents and the First Amendment principle of a presumptive right of access to these judicial documents, the Court concludes that the Intervenors' motion to unseal (Docket Entry No. 492) should be granted in part subject to the condition of federal law protecting and requiring redaction of patient information. The Intervenors' motion to unseal should be denied as to any documents related to a motion in limine that the Court did not decide and are not mentioned

in the Defendants' motion for summary judgment.

An appropriate Order is filed herewith.

**ENTERED** this the _20th_ day of September, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

**Appendix of References to Requested Documents in Summary Judgment Materials**

Docket Entry No. 260   Defendants' Memorandum of Law in Support of Motion for Summary Judgment

Docket Entry No. 261   Defendants' Statement of Material Facts as to Which There Is No Genuine
Dispute Submitted in Support of Motion for Summary Judgment

| Docket Entry No. | Cross-Reference in Summary Judgment Materials |
|---|---|
| 261 | Defendants' Statement of Material Facts |
| 262-5 | Docket Entry No. 260 at 22-24 |
| | Docket Entry No. 261 at ¶¶ 29, 53, 55, 58, 63, 68, 71, 160 |
| 262-6 | Docket Entry No. 260 at 19 |
| | Docket Entry No. 261 at ¶¶ 30-34, 66-67 |
| 262-7 | |
| 262-8 | Docket Entry No. 260 at 20 |
| | Docket Entry No. 261 at ¶¶ 34-37 |
| 262-9 | Docket Entry No. 260 at 20 |
| | Docket Entry No. 261 at ¶¶ 38-39, 54 |
| 262-10 | Docket Entry No. 260 at 19-22 |
| | Docket Entry No. 261 at ¶¶ 39, 43, 56, 59 |
| 263-1 | Docket Entry No. 260 at 18-19 |
| | Docket Entry No. 261 at ¶¶ 40-42 |
| 263-2 | Docket Entry No. 260 at 9 |
| | Docket Entry No. 261 at ¶ 44 |
| 263-3 | Docket Entry No. 260 at 19 |
| | Docket Entry No. 261 at ¶ 46 |
| 263-4 | Docket Entry No. 260 at 20 |
| | Docket Entry No. 261 at ¶ 47 |
| 263-5 | Docket Entry No. 260 at 22 |
| | Docket Entry No. 261 at ¶¶ 48-52 |
| 263-6 | Docket Entry No. 260 at 22 |
| | Docket Entry No. 261 at ¶ 61 |
| 263-8 | Docket Entry No. 260 at 43-46 |
| | Docket Entry No. 261 at ¶¶ 69-71, 81, 84, 152, 192, 205, 223, 238, 246-48 |
| 263-9 | Docket Entry No. 260 at 5 |
| | Docket Entry No. 261 at ¶ 72 |
| 263-10 | Docket Entry No. 260 at 25 |
| | Docket Entry No. 261 at ¶ 73 |
| 264-2 | Docket Entry No. 260 at 11, 13, 45 |
| | Docket Entry No. 261 at ¶¶ 75-76, 79-80, 85, 153 |
| 264-3 | Docket Entry No. 260 at 11-13, 43 |
| | Docket Entry No. 261 at ¶¶ 76, 79, 149-51, 157, 241-43 |
| 264-4 | Docket Entry No. 260 at 11 |
| | Docket Entry No. 261 at ¶¶ 77, 79 |
| 264-5 | Docket Entry No. 260 at 11, 11 n.3 |
| | Docket Entry No. 261 at ¶ 78 |
| 264-6 | Docket Entry No. 260 at 12 |

| | |
|---|---|
| | Docket Entry No. 261 at ¶ 81 |
| 264-10 | Docket Entry No. 260 at 8, 33 |
| | Docket Entry No. 261 at ¶¶ 92-95, 207 |
| 265-2 | Docket Entry No. 260 at 8, 10 |
| | Docket Entry No. 261 at ¶¶ 113-15 |
| 265-3 | Docket Entry No. 260 at 28 |
| | Docket Entry No. 261 at ¶ 116 |
| 265-6 | Docket Entry No. 260 at 8-10 |
| | Docket Entry No. 261 at ¶¶ 123-30 |
| 265-8 | Docket Entry No. 261 at ¶¶ 137, 213 |
| 265-9 | Docket Entry No. 260 at 12 |
| | Docket Entry No. 261 at ¶ 139 |
| 265-10 | Docket Entry No. 260 at 8-10, 12 |
| | Docket Entry No. 261 at ¶¶ 140-51 |
| 266-1 | Docket Entry No. 260 at 13 |
| | Docket Entry No. 261 at ¶¶ 154-56, 158 |
| 266-2 | Docket Entry No. 260 at 13 |
| | Docket Entry No. 261 at ¶ 159 |
| 266-3 | Docket Entry No. 260 at 13 |
| | Docket Entry No. 261 at ¶ 161 |
| 266-4 | Docket Entry No. 260 at 27 |
| | Docket Entry No. 261 at ¶¶ 162-63 |
| 266-5 | Docket Entry No. 261 at ¶¶ 164, 167-68 |
| 266-6 | Docket Entry No. 260 at 8 |
| | Docket Entry No. 261 at ¶¶ 165-66 |
| 266-7 | Docket Entry No. 261 at ¶¶ 169, 172-73 |
| 266-8 | Docket Entry No. 260 at 8 |
| | Docket Entry No. 261 at ¶¶ 170-71 |
| 266-10 | Docket Entry No. 260 at 29-36, 40-41 |
| | Docket Entry No. 261 at ¶¶ 176-78, 180-82, 184, 186, 188-92, 196-97, 199-202, 204, 206, 210-12, 219-20, 228-33, 235-38 |
| 267-1 | Docket Entry No. 260 at 30, 32 |
| | Docket Entry No. 261 at ¶¶ 179, 227 |
| 267-2 | Docket Entry No. 260 at 31, 35 |
| | Docket Entry No. 261 at ¶¶ 182, 187 |
| 267-3 | Docket Entry No. 260 at 31, 35 |
| | Docket Entry No. 261 at ¶ 183 |
| 267-6 | Docket Entry No. 260 at 31-32 |
| | Docket Entry No. 261 at ¶¶ 188, 193, 195 |
| 267-7 | Docket Entry No. 260 at 31-32, 35 |
| | Docket Entry No. 261 at ¶¶ 190-91, 198 |
| 268-3 | Docket Entry No. 260 at 33-34, 38, 40 |
| | Docket Entry No. 261 at ¶¶ 211, 223, 233, 238 |
| 268-10 | Docket Entry No. 260 at 40 |
| | Docket Entry No. 261 at ¶¶ 228, 230-32, 234, 238 |

Docket Entry No. 285   Lead Plaintiff and Class Representative's Opposition to Defendants' Motion for Summary Judgment

Docket Entry No. 286   Lead Plaintiff and Class Representative's Response and Opposition to Defendants' Statement of Material Facts

| Docket Entry No. | Exhibit | Cross-Reference in Summary Judgment Materials |
|---|---|---|
| 290-1 | 10 | Docket Entry No. 285 at 13, 60 |
| | 51 | Docket Entry No. 285 at 20, 21 n.24, 27, 29, 31-32, 34-35, 36 n.42, 38 n.45 |
| | | Docket Entry No. 286 at ¶ 163 |
| | 87 | Docket Entry No. 285 at 5, 34 |
| | 100 | Docket Entry No. 285 at 16, 40 |
| 290-2 | 364 | Docket Entry No. 285 at 40 |
| | 488 | Docket Entry No. 285 at 29 |
| | 438 | |
| | 493 | |
| | 502 | |
| | 636 | Docket Entry No. 285 at 31 n.34, 37, 63 |
| | 639 | Docket Entry No. 285 at 31 n.34 |
| | 643 | Docket Entry No. 285 at 31 n.34, 37, 63 |
| | 647 | Docket Entry No. 285 at 31 n.34, 32 n35, 63 |
| 289-1 | 15 | Docket Entry No. 285 at 21 n.23, 58 |
| | 22 | Docket Entry No. 285 at 15 n.15, 58 |
| | 29 | Docket Entry No. 285 at 15 n.15, 58 |
| | 33 | Docket Entry No. 285 at 37, 58 |
| | 34 | Docket Entry No. 285 at 37 |
| | 44 | |
| | 49 | Docket Entry No. 285 at 5 n.7 |
| | 52 | |
| | 53 | Docket Entry No. 286 at ¶ 163 |
| | 54 | Docket Entry No. 285 at 20, 21 n.24, 31, 32 n.36, 34 |
| | | Docket Entry No. 286 at ¶ 163 |
| 289-2 | 55 | Docket Entry No. 286 at ¶ 163 |
| | 56 | Docket Entry No. 285 at 58 |
| | 67 | Docket Entry No. 285 at 4 |
| | 72 | Docket Entry No. 285 at 34 |
| | 79 | Docket Entry No. 285 at 58 |
| | 81 | Docket Entry No. 285 at 4, 58 |
| | 83 | Docket Entry No. 285 at 5 |
| | 84 | Docket Entry No. 285 at 5 |
| | 86 | Docket Entry No. 285 at 5, 34 |
| | 90 | Docket Entry No. 285 at 9-10, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 91 | Docket Entry No. 285 at 4, 9, 15 n.15, 27, 29, 31, 32 n.36, 34, 35 n.40, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 92 | Docket Entry No. 285 at 34 |

| | | |
|---|---|---|
| | 94 | Docket Entry No. 286 at ¶¶ 179-80 |
| | 98 | Docket Entry No. 285 at 50 n.62 |
| | | Docket Entry No. 286 at ¶¶ 192, 207-08, 215 |
| | 103 | Docket Entry No. 285 at 40, 42 |
| | | Docket Entry No. 286 at ¶¶ 106-07, 227 |
| 289-3 | 106 | Docket Entry No. 285 at 48, 50, 58 |
| | | Docket Entry No. 286 at ¶¶ 187, 192, 201, 212, 215, 235 |
| | 107 | Docket Entry No. 285 at 50, 52, 58 |
| | | Docket Entry No. 286 at ¶¶ 187, 192 |
| | 109 | Docket Entry No. 285 at 50-51, 58 |
| | | Docket Entry No. 286 at ¶¶ 184, 196, 198 |
| | 110 | Docket Entry No. 285 at 50, 51, 58 |
| | | Docket Entry No. 286 at ¶¶ 184, 187, 212, 215 |
| | 112 | Docket Entry No. 285 at 52 n.64, 54, 55, 56 n.68 |
| | | Docket Entry No. 286 at ¶¶ 196, 201, 205 |
| | 120 | Docket Entry No. 286 at ¶ 183 |
| | 124 | Docket Entry No. 285 at 45 n.54 |
| | | Docket Entry No. 286 at ¶ 243 |
| | 138 | Docket Entry No. 285 at 47 |
| | | Docket Entry No. 286 at ¶ 210 |
| | 139 | Docket Entry No. 285 at 56 |
| | | Docket Entry No. 286 at ¶ 205 |
| | 142 | Docket Entry No. 285 at 56 |
| | 143 | Docket Entry No. 286 at ¶ 198 |
| | 148 | Docket Entry No. 285 at 49 |
| | | Docket Entry No. 286 at ¶¶ 192, 199 |
| | 154 | |
| 289-4 | 158 | Docket Entry No. 285 at 41, 44 n.52 |
| | | Docket Entry No. 286 at ¶¶ 106, 187, 227 |
| | 160 | Docket Entry No. 285 at 50 |
| | 177 | Docket Entry No. 285 at 13 |
| | 178 | Docket Entry No. 285 at 13 |
| | 184 | Docket Entry No. 285 at 31 |
| | 186 | Docket Entry No. 285 at 12 |
| | 190 | Docket Entry No. 285 at 58 |
| | 199 | Docket Entry No. 285 at 12, 58 |
| | 205 | |
| | 213 | Docket Entry No. 285 at 37, 58 |
| | 219 | Docket Entry No. 285 at 20 |
| | 247 | Docket Entry No. 285 at 49, 50, 57 |
| | | Docket Entry No. 286 at ¶ 199 |
| | 251 | Docket Entry No. 285 at 56 |
| | | Docket Entry No. 286 at ¶¶ 184, 205 |
| 289-5 | 252 | Docket Entry No. 285 at 52 .n64, 56 |
| | | Docket Entry No. 286 at ¶ 205 |
| | 253 | Docket Entry No. 285 at 51, 52 n.64, 56 |
| | | Docket Entry No. 286 at ¶¶ 198, 205 |

| | | |
|---|---|---|
| | 254 | Docket Entry No. 285 at 56 |
| | | Docket Entry No. 286 at ¶¶ 184, 205 |
| | 255 | Docket Entry No. 285 at 56 |
| | 256 | Docket Entry No. 286 at ¶ 198 |
| | 257 | Docket Entry No. 285 at 56 |
| | | Docket Entry No. 286 at ¶¶ 184, 205 |
| | 258 | Docket Entry No. 285 at 56 |
| | | Docket Entry No. 286 at ¶¶ 184, 198, 205 |
| | 259 | Docket Entry No. 285 at 47 |
| | 284 | Docket Entry No. 286 at ¶ 47 |
| | 287 | Docket Entry No. 286 at ¶ 62 |
| | 300 | Docket Entry No. 286 at ¶ 212 |
| | 302 | Docket Entry No. 285 at 54, 57 |
| | | Docket Entry No. 286 at ¶ 222 |
| | 303 | Docket Entry No. 286 at ¶ 223 |
| | 317 | Docket Entry No. 285 at 56 |
| | 327 | Docket Entry No. 285 at 54, 56 |
| | | Docket Entry No. 286 at ¶ 184 |
| 289-6 | 328 | Docket Entry No. 285 at 54, 57 |
| | | Docket Entry No. 286 at ¶¶ 222, 224 |
| | 337 | |
| | 338 | Docket Entry No. 285 at 49 |
| | 340 | Docket Entry No. 285 at 47, 48 n.57, 58 |
| | | Docket Entry No. 286 at ¶¶ 192, 201 |
| | 341 | Docket Entry No. 285 at 49 |
| | 343 | Docket Entry No. 285 at 52 n.64, 56 |
| | 344 | Docket Entry No. 285 at 56 n.66 |
| | 358 | Docket Entry No. 285 at 42 |
| | 359 | Docket Entry No. 285 at 40, 42 |
| | 365 | Docket Entry No. 285 at 40, 58 |
| 289-7 | 372 | Docket Entry No. 285 at 49 n.59 |
| | 376 | Docket Entry No. 285 at 13 |
| | 377 | Docket Entry No. 285 at 47 n.56 |
| | 379 | Docket Entry No. 285 at 48 n.57 |
| | 380 | Docket Entry No. 285 at 49, 58 |
| | 382 | Docket Entry No. 285 at 49 n.60 |
| | 385 | Docket Entry No. 285 at 13, 49, 58 |
| | | Docket Entry No. 286 at ¶¶ 137, 139 |
| 289-8 | 387 | Docket Entry No. 285 at 49 n.59 |
| | | Docket Entry No. 286 at ¶ 81 |
| 289-9 | 392 | Docket Entry No. 285 at 12, 13, 18, 57, 58 |
| | | Docket Entry No. 286 at ¶¶ 196, 204 |
| 289-10 | 392 | Docket Entry No. 285 at 12, 13, 18, 57, 58 |
| | | Docket Entry No. 286 at ¶¶ 196, 204 |
| 289-11 | 623 | Docket Entry No. 285 at 4 |
| 289-12 | 623 | Docket Entry No. 285 at 4 |
| 289-13 | 630 | Docket Entry No. 285 at 4 |

| | | |
|---|---|---|
| | 631 | Docket Entry No. 285 at 4 |
| | 633 | Docket Entry No. 285 at 4 |
| | 640 | Docket Entry No. 285 at 37, 58 |
| | 646 | Docket Entry No. 285 at 37, 58 |
| | 648 | Docket Entry No. 285 at 15 n.15, 27, 58 |
| | 650 | Docket Entry No. 285 at 16 n.17 |
| | 652 | Docket Entry No. 285 at 35, 58 |
| | 658 | Docket Entry No. 285 at 12, 58 |
| | 659 | Docket Entry No. 285 at 12, 58 |
| | 664 | Docket Entry No. 285 at 61 |
| | 750 | |
| | 759 | Docket Entry No. 286 at ¶ 47 |
| | 768 | Docket Entry No. 285 at 4 |
| | 781 | Docket Entry No. 285 at 5 |
| | 782 | Docket Entry No. 285 at 4 |
| | 783 | Docket Entry No. 285 at 4 |
| | 785 | Docket Entry No. 285 at 4 |
| | 793 | Docket Entry No. 285 at 8, 9 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 794 | Docket Entry No. 285 at 8-9 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 797 | Docket Entry No. 285 at 8-9, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 798 | Docket Entry No. 285 at 8-10, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 800 | Docket Entry No. 285 at 10, 33 n.37, 58 |
| | 802 | Docket Entry No. 285 at 5, 33 n.37, 58 |
| | 812 | Docket Entry No. 285 at 33 n.37, 58 |
| | 821 | Docket Entry No. 285 at 5, 8-10, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 825 | Docket Entry No. 285 at 42 |
| | 831 | Docket Entry No. 285 at 16 |
| | 832 | Docket Entry No. 285 at 40, 58 |
| | 838 | Docket Entry No. 285 at 17, 58 |
| | 882 | Docket Entry No. 285 at 16 |
| | 883 | Docket Entry No. 285 at 15-16 |
| | 886 | Docket Entry No. 285 at 15 |
| | 887 | Docket Entry No. 285 at 15, 17, 58 |
| | 889 | Docket Entry No. 285 at 4-5 |
| | 890 | Docket Entry No. 285 at 8 |
| | | Docket Entry No. 286 at ¶ 149 |
| | 891 | Docket Entry No. 285 at 15, 17 |
| | 892 | Docket Entry No. 285 at 32 |
| | 893 | Docket Entry No. 285 at 32 |
| | 894 | Docket Entry No. 285 at 9 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 895 | Docket Entry No. 285 at 9 |

| | | |
|---|---|---|
| | | Docket Entry No. 286 at ¶ 153 |
| | 896 | Docket Entry No. 285 at 9, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 897 | Docket Entry No. 285 at 13, 17 |
| | 898 | Docket Entry No. 285 at 13, 17 |
| | 901 | Docket Entry No. 286 at ¶ 77 |
| | 903 | Docket Entry No. 285 at 61 |
| | 904 | Docket Entry No. 285 at 61 |
| | 905 | Docket Entry No. 285 at 61 |
| | 912 | Docket Entry No. 285 at 58 |
| | 917 | Docket Entry No. 285 at 56 |
| | 919 | Docket Entry No. 285 at 12, 38 n.45 |
| | 921 | Docket Entry No. 285 at 12, 38 n.45, 58 |
| | 925 | Docket Entry No. 285 at 17, 58 |
| | 928 | Docket Entry No. 285 at 15 |
| | 929 | Docket Entry No. 285 at 15 n.15, 58 |
| | 930 | Docket Entry No. 285 at 15, 15 n.15, 58 |
| 289-14 | 934 | Docket Entry No. 285 at 15 |
| 289-15 | 934 | Docket Entry No. 285 at 15 |
| | 940 | Docket Entry No. 285 at 15 |
| | | Docket Entry No. 286 at ¶ 76 |
| | 942 | Docket Entry No. 285 at 15 |
| | 943 | Docket Entry No. 286 at ¶ 76 |
| | 944 | Docket Entry No. 286 at ¶ 76 |
| | 945 | Docket Entry No. 286 at ¶ 76 |
| | 946 | |
| | 947 | |
| | 948 | |
| | 949 | Docket Entry No. 285 at 15 |
| | 984 | Docket Entry No. 285 at 24 |
| | 987 | Docket Entry No. 285 at 24, 27 |
| | 990 | Docket Entry No. 285 at 24 |
| | | Docket Entry No. 286 at ¶ 61 |
| | 992 | Docket Entry No. 285 at 24 |
| | | Docket Entry No. 286 at ¶ 61 |
| | 993 | Docket Entry No. 285 at 25 |
| | 998 | Docket Entry No. 285 at 28 |
| | 1014 | Docket Entry No. 285 at 5 |
| | 1015 | Docket Entry No. 285 at 5 |
| | 1020 | |
| 289-16 | 1021 | Docket Entry No. 286 at ¶ 37 |
| | 1050 | Docket Entry No. 285 at 15 n.15, 58 |
| | 1051 | Docket Entry No. 286 at ¶¶ 76-77 |
| | 1052 | Docket Entry No. 286 at ¶¶ 76-77 |
| | 1152 | |
| | 1153 | |
| | 1154 | |

| | | |
|---|---|---|
| | 1160 | |
| | 1161 | Docket Entry No. 285 at 10 |
| | 1163 | Docket Entry No. 285 at 5 |
| | 2000 | Docket Entry No. 285 at 3 |
| | 2001 | Docket Entry No. 285 at 3, 37 n.43, 38 n.45, 46, 60, 60 n.71 |
| | | Docket Entry No. 286 at ¶¶ 163, 243 |
| | 2002 | Docket Entry No. 285 at 4 n.6, 15 n.15, 20, 29, 34 |
| | | Docket Entry No. 286 at ¶¶ 2, 29, 34, 49, 51, 55 |
| | 2003 | Docket Entry No. 286 at ¶ 47 |
| | 2004 | Docket Entry No. 286 at ¶ 30 |
| | 2005 | Docket Entry No. 286 at ¶ 30, 239 |
| | 2006 | Docket Entry No. 286 at ¶ 31, 239 |
| | 2007 | Docket Entry No. 286 at ¶ 31 |
| | 2008 | Docket Entry No. 285 at 4, 32 |
| 289-17 | | (same as Docket Entry No. 289-16) |
| 289-20 | 2022 | Docket Entry No. 285 at 22, 26, 29, 31, 33 n.37, 34, 35 n.40, 58 |
| | | Docket Entry No. 286 at ¶¶ 54, 161 |
| | 2023 | Docket Entry No. 286 at ¶¶ 76-77 |
| | 2024 | Docket Entry No. 285 at 8, 13, 15, 58 |
| | | Docket Entry No. 286 at ¶¶ 76, 153 |
| | 2025 | Docket Entry No. 285 at 15 |
| | | Docket Entry No. 286 at ¶ 77 |
| | 2026 | Docket Entry No. 285 at 4, 32, 58 |
| | 2027 | Docket Entry No. 285 at 5 |
| | 2028 | Docket Entry No. 285 at 5 |
| | 2030 | Docket Entry No. 286 at ¶¶ 179, 183, 210 |
| | 2031 | Docket Entry No. 285 at 5, 58 |
| | 2033 | Docket Entry No. 285 at 41 n.49 |
| | | Docket Entry No. 286 at ¶ 236 |
| | 2034 | Docket Entry No. 285 at 5, 8, 34 |
| | | Docket Entry No. 286 at ¶ 149 |
| | 2035 | Docket Entry No. 285 at 5 n.7 |
| | 2036 | Docket Entry No. 285 at 5 n.7 |
| | 2037 | Docket Entry No. 285 at 5 n.7 |
| | 2038 | Docket Entry No. 285 at 5 n.7 |
| 289-21 | 2039 | Docket Entry No. 285 at 5 n.7 |
| | 2040 | Docket Entry No. 285 at 5 n.7 |
| 289-22 | 2041 | Docket Entry No. 285 at 10, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 2042 | Docket Entry No. 285 at 44 |
| | | Docket Entry No. 286 at ¶ 106, 227, 233 |
| | 2046 | Docket Entry No. 285 at 8, 15 n.5, 33 n.37, 34, 58 |
| | | Docket Entry No. 286 at ¶ 153 |
| | 2047 | Docket Entry No. 285 at 37, 38 n.45, 46 |
| | | Docket Entry No. 286 at ¶ 163 |
| | 2051 | Docket Entry No. 285 at 8, 31, 35 n.40, 58 |
| | | Docket Entry No. 286 at ¶¶ 149, 153 |

| | 2052 | Docket Entry No. 285 at 31, 34 |
|---|---|---|
| | 2053 | Docket Entry No. 285 at 48 n.57 |
| | 2055 | Docket Entry No. 285 at 27 |
| | | Docket Entry No. 286 at ¶ 31 |
| | 2056 | Docket Entry No. 285 at 50 |
| | 2058 | Docket Entry No. 285 at 50 |
| | 2059 | Docket Entry No. 286 at ¶ 163 |
| | 2060 | Docket Entry No. 285 at 47, 57 |
| | 2062 | Docket Entry No. 285 at 15 |
| | 2063 | Docket Entry No. 285 at 15, 16, 58 |
| 289-23 | 2064 | Docket Entry No. 285 at 17 |
| | 2065 | Docket Entry No. 285 at 17 |
| | 2066 | Docket Entry No. 285 at 17 |
| | 2067 | Docket Entry No. 285 at 47, 58 |
| | 2071 | Docket Entry No. 285 at 7 |
| | 2072 | Docket Entry No. 285 at 29 |
| | 2073 | |
| | 2077 | Docket Entry No. 285 at 4 |
| | 2078 | Docket Entry No. 285 at 42 |
| | 2079 | Docket Entry No. 286 at ¶ 47 |
| | 2080 | Docket Entry No. 286 at ¶ 180 |
| | 2081 | Docket Entry No. 286 at ¶ 58 |
| | 2082 | Docket Entry No. 286 at ¶ 23 |
| 295-1 | 2009 | Docket Entry No. 286 at ¶ 37 |
| | 2010 | Docket Entry No. 285 at 4 |
| | 2011 | Docket Entry No. 285 at 4, 32 |
| | 2012 | Docket Entry No. 285 at 4, 32 |
| | 2013 | Docket Entry No. 285 at 4, 32 |
| | 2014 | Docket Entry No. 286 at ¶ 35 |
| | 2015 | Docket Entry No. 285 at 4, 32 |
| | 2016 | Docket Entry No. 286 at ¶ 37 |
| | 2017 | Docket Entry No. 286 at ¶ 37 |
| | 2018 | Docket Entry No. 286 at ¶ 37 |
| | 2019 | Docket Entry No. 285 at 15 n.15, 21, 22, 25 n.28, 26, 28, 29, 34, 35 n.40 |
| | | Docket Entry No. 286 at ¶¶ 29, 34, 40, 48-51, 53, 58-63, 71, 161 |

Docket Entry No. 297    Defendants' Reply Brief in Support of Motion for Summary Judgment

Docket entry No. 298    Defendants' Reply to Plaintiffs' Response to Statement of Material Facts as to Which There is No Genuine Dispute

| Docket Entry No. | Cross-Reference in Summary Judgment Materials |
|---|---|
| 298 | Defendants' Reply to Plaintiffs' Response to Statement of Material Facts |
| 299-2 | Docket Entry No. 297 at 16 |
| 299-6 | Docket Entry No. 297 at 18 n.13 |
| 299-10 | Docket Entry No. 298 at ¶ 58 |
| 299-11 | Docket Entry No. 298 at ¶ 106 |

| 300-7 | Docket Entry No. 298 at ¶ 179 |
| 300-8 | Docket Entry No. 298 at ¶¶ 180-81, 183 |
| 300-11 | Docket Entry No. 298 at ¶ 222 |

**Appendix of References to Requested Documents in non-Summary Judgment Materials**

| | |
|---|---|
| Docket Entry No. 314 | Memorandum of Law in Support of Defendants' Motion to Exclude the Testimony of Bjorn Steinholt |
| Docket Entry No. 319 | Memorandum of Law in Support of Motion to Exclude the Testimony of Stefan Kruszewski |
| Docket Entry No. 352 | Defendants' Opposition to Lead Plaintiff and Class Representative's Motion to Exclude Expert Opinions of Jeffrey Borenstein, M.D. |
| Docket Entry No. 356 | Memorandum of Law in Opposition to Lead Plaintiff and Class Representative's Motion to Exclude Expert Opinions of Paul Braithwaite |
| Docket Entry No. 363 | Lead Plaintiff and Class Representative's Memorandum of Law in Opposition to Defendants' Motion to Exclude the Testimony of Bjorn Steinholt |
| Docket Entry No. 384 | Reply in Support of Lead Plaintiff and Class Representative's Motion to Exclude Expert Opinions of Paul Braithwaite |
| Docket Entry No. 398 | Defendants' Motion in Limine to Exclude Evidence of Subsequent Remedial Measures Relating to Defendants' Estimation and Reporting of Loss Reserves at 3Q 2008 |
| Docket Entry No. 400 | Lead Plaintiff and Class Representative's Response to Defendants' Motion to Unseal Documents |
| Docket Entry No. 406 | Motion in Limine to Exclude Evidence of Media Reports Discussing Negative Instances of Patient Care |
| Docket Entry No. 414 | Plaintiffs' Opposition to Defendants' Motion in Limine to Exclude Reports and Deposition Testimony of Ronald Davidson |
| Docket Entry No. 440 | Plaintiffs' Opposition to Defendants' Motion in Limine to Exclude Evidence of Media Reports Discussing Negative Instances of Patient Care |

| Docket Entry No. | Cross-Reference in non-Summary Judgment Materials |
|---|---|
| 316 | Docket Entry No. 314 at 2 n.2, 6-10, 19 |
| 316-1 | Docket Entry No. 314 at 2 n.2, 11, 11 n.9 |
| 316-2 | Docket Entry No. 314 at 2 n.2, 10 n.7 |
| 316-3 | Docket Entry No. 314 at 2-5, 7-9, 10 n.8, 11-13, 18-24 |
| 316-6 | Docket Entry No. 314 at 7, 10 n.8, 22, 24 n.20 |
| 316-7 | Docket Entry No. 314 at 9, 22 |
| 316-8 | Docket Entry No. 314 at 23 n.18 |
| 321 | Docket Entry No. 319 at 1, 3-8, 12-21, 23 |
| 321-1 | Docket Entry No. 319 at 1, 4-8, 12-18, 24 |
| 321-5 | Docket Entry No. 319 at 7, 17, 21, 23-25 |
| 322 | Docket Entry No. 319 at 18 |
| 322-1 | Docket Entry No. 319 at 18 |
| 322-2 | Docket Entry No. 319 at 18 |
| 353-1 | Docket Entry No. 352 at 6 |
| 354-1 | Docket Entry No. 352 at 11 |

| Docket Entry No. | Exhibit | Cross-Reference in non-Summary Judgment Materials |
|---|---|---|
| 354-2 | | Docket Entry No. 352 at 16 |
| 354-4 | | Docket Entry No. 352 at 16 |
| 354-5 | | Docket Entry No. 352 at 16-17 |
| 357-1 | | Docket Entry No. 356 at 20 |
| 358 | | Docket Entry No. 356 at 3, 16 n.7 |
| **Docket Entry No.** | **Exhibit** | **Cross-Reference in non-Summary Judgment Materials** |
| 365 | 73 | Docket Entry No. 363 at 19-20 |
| | 74 | Docket Entry No. 363 at 21 |
| | 75 | Docket Entry No. 363 at 21 |
| | 77 | Docket Entry No. 363 at 19, 20 n.16 |
| | 78 | |
| 385-1 | 38 | Docket Entry No. 384 at 4-6, 8, 9 n.10, 10-11, 13, 15-16 |
| | 39 | Docket Entry No. 384 at 4-7, 9, 12-15 |
| | 40 | Docket Entry No. 384 at 5 |
| | 41 | Docket Entry No. 384 at 3, 4 n.4 |
| | 42 | |
| | 43 | Docket Entry No. 384 at 5, 9, 15 n.14 |
| | 44 | Docket Entry No. 384 at 15 n.14 |
| | 45 | Docket Entry No. 384 at 5 |
| | 46 | |
| | 47 | |
| | 48 | |
| | 49 | |
| **Docket Entry No.** | **Cross-Reference in non-Summary Judgment Materials** | |
| 398-1 | Docket Entry No. 398 at 1, 3-4 | |
| 398-4 | Docket Entry No. 398 at 1, 2 n.1 | |
| 398-5 | Docket Entry No. 398 at 2 n.1 | |
| 399 | Docket Entry No. 398 at 2 n.1, 4 n.2 | |
| 401 | Docket Entry No. 400 at 4 | |
| 401-1 | Docket Entry No. 400 at 4 | |
| 401-2 | Docket Entry No. 400 at 4 | |
| 401-4 | Docket Entry No. 400 at 4 | |
| 406 | Motion in Limine to Exclude Evidence of Media Reports Discussing Negative Instances of Patient Care | |
| 407-2 | Docket Entry No. 406 at 5 | |
| 407-3 | Docket Entry No. 400 at 7-8 | |
| **Docket Entry No.** | **Exhibit** | **Cross-Reference in non-Summary Judgment Materials** |
| 416-1 | A | Docket Entry No. 414 at 9 |
| | B | Docket Entry No. 414 at 8 n.6 |
| | C | Docket Entry No. 414 at 9, 18 |
| | D | Docket Entry No. 414 at 9 |
| | E | Docket Entry No. 414 at 16, 22 |
| | F | Docket Entry No. 414 at 18 |
| 416-3 | N | Docket Entry No. 414 at 15 |
| | O | Docket Entry No. 414 at 8 n.6 |
| | P | Docket Entry No. 414 at 9 |
| | Q | Docket Entry No. 414 at 2-3, 8, 12-13 |

| | R | Docket Entry No. 414 at 3 n.1 |
|---|---|---|
| | S | Docket Entry No. 414 at 6, 9 |
| 440 | | Plaintiffs' Opposition to Defendants' Motion in Limine to Exclude Evidence of Media Reports Discussing Negative Instances of Patient Care |
| 440-1 | C | Docket Entry No. 440 at 14 |
| | D | |
| | E | Docket Entry No. 440 at 2-3 |
| | G | Docket Entry No. 440 at 13-14 |
| | H | Docket Entry No. 440 at 13-14 |
| | I | |
| | J | |
| | K | Docket Entry No. 440 at 3 |
| | L | Docket Entry No. 440 at 3 |
| | O | Docket Entry No. 440 at 4, 10-11 |
| | P | Docket Entry No. 440 at 4, 12 |
| | Q | Docket Entry No. 440 at 7 |
| | R | Docket Entry No. 440 at 9 n.4 |
| | S | Docket Entry No. 440 at 9 |
| | T | Docket Entry No. 440 at 12 |
| | U | Docket Entry No. 440 at 14 n.6 |
| 441-1 | A | |
| | B | Docket Entry No. 440 at 2, 11 |
| | F | Docket Entry No. 440 at 14 |
| | M | Docket Entry No. 440 at 4, 8, 11 |
| | N | Docket Entry No. 440 at 4 |